**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | **Linda Donkers** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF PENNSYLVANIA** | ☐ Check if this is an amended plan, and |
| | | list below the sections of the plan that have been changed. |
| Case number: | **18-23971** | |
| (If known) | | |

Western District of Pennsylvania

## Chapter 13 Plan Dated: November 13, 2018

### Part 1:    Notices

**To Debtor(s):**    **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.**

In the following notice to creditors, you must check each box that applies

**To Creditors:**    ***YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.***

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

***IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM TO BE PAID UNDER ANY PLAN.***

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "Included" box is unchecked or both boxes are checked on each line, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9 | ☐ Included | ☑ Not Included |

### Part 2:    Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee:**

Total amount of **$1908** per month for a remaining plan term of **60** months shall be paid to the trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ _____ | $ **1,908.00** | $ _____ |
| D#2 | $ _____ | $ _____ | $ _____ |

(Income attachments must be used by Debtors having attachable income)    (SSA direct deposit recipients only)

**2.2 Additional payments.**

☐    **Unpaid Filing Fees.** The balance of $____ shall be fully paid by the Trustee to the Clerk of the Bankruptcy court form the first

| Debtor | **Linda Donkers** | Case number | **18-23971** |
|---|---|---|---|

available funds.

Check one.

- [x] **None.** If "None" is checked, the rest of § 2.2 need not be completed or reproduced.

**2.3** The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.

### Part 3:  Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.**

Check one.

- [ ] **None.** If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.
- [x] The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Start date (MM/YYYY) |
|---|---|---|---|---|
| PNC Bank, N.A. | **306 Telegraph Road Brownsville, PA 15417 Fayette County Residence** | $604.08 | $70,000.00 | |

Insert additional claims as needed.

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

Check one.

- [x] **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

Check one.
- [x] **None**. If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.

**3.4** **Lien avoidance**.

Check one.
- [x] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.* **The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked**

**3.5** **Surrender of collateral.**

Check one.

- [x] **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**3.6** **Secured tax claims.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest Rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| -NONE- | | | | | |

| Debtor | **Linda Donkers** | Case number | **18-23971** |
|---|---|---|---|

Insert additional claims as needed.

\* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

### Part 4: Treatment of Fees and Priority Claims

**4.1    General**

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rate on the court's website. It is incumbent upon the debtor(s)' attorney or debtor (if pro se) to monitor any change in the percentage fees to insure that the plan is adequately funded.

**4.3    Attorney's fees.**

Attorney's fees are payable to **Paul W. McElrath, Jr.**. In addition to a retainer of $**600.00** (of which $__**0.00**__ was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $**3,400.00** is to be paid at the rate of $**1,133.33** per month. Including any retainer paid, a total of $__**4,000.00**__ in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $__**0.00**__ will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

**4.4    Priority claims not treated elsewhere in Part 4.**

☑ **None**. If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.

Insert additional claims as needed

**4.5    Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

If the debtor(s) is/are currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

☐ Check here if this payment is for prepetition arrearages only.

| Name of Creditor (specify the actual payee, e.g. PA SCDU) | Description | Claim | Monthly payment or pro rata |
|---|---|---|---|
| **None** | | | |

Insert additional claims as needed.

**4.6    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**
Check one.
☑ **None.** If "None" is checked, the rest of § 4.6 need not be completed or reproduced.

**4.7    Priority unsecured tax claims paid in full.**

Debtor    **Linda Donkers**                                      Case number    **18-23971**

| Name of taxing authority | Total amount of claim | Type of Tax | Interest rate (0% If blank) | Tax Periods |
|---|---|---|---|---|
| -NONE- | | | | |

Insert additional claims as needed.

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.**

Debtor(s) *ESTIMATE(S)* that a total of $**0.00** will be available for distribution to nonpriority unsecured creditors.

Debtor(s) *ACKNOWLEDGE(S)* that a *MINIMUM* of $**0.00** shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is *NOT* the *MAXIMUM* amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **0.00**%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3    Postpetition utility monthly payments.**

**The provisions of Section 5.3 are available only if the utility provider has agreed to this treatment.** These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility obtain an order authorizing a payment change, the debtor(s) will be required to file an amended plan. These payments may not resolve all of the postpetition claims of the utility. The utility may require additional funds from the debtor(s) after discharge.

| Name of Creditor | Monthly payment | Postpetition account number |
|---|---|---|
| -NONE- | | |

Insert additional claims as needed.

**5.4    Other separately classified nonpriority unsecured claims.**

Check one**.**

☑    **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☑    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1    Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.**

| Debtor | **Linda Donkers** | Case number | **18-23971** |
|---|---|---|---|

### Part 8: General Principles Applicable to All Chapter 13 Plans

**8.1** This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan in order to ensure that the plan remains adequately funded during its entire term.

**8.2** Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3** The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

**8.4** Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

**8.5** Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

| | |
|---|---|
| Level One: | Unpaid filing fees. |
| Level Two: | Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments. |
| Level Three: | Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims. |
| Level Four: | Priority Domestic Support Obligations. |
| Level Five: | Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears. |
| Level Six: | All remaining secured, priority and specially classified claims, and miscellaneous secured arrears. |
| Level Seven: | Allowed nonpriority unsecured claims. |
| Level Eight: | Untimely filed nonpriority unsecured claims for which an objection has not been filed. |

**8.6** As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if pro se) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

**8.7** The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8** Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9** Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

**8.10** The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.*** The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

| Debtor | **Linda Donkers** | Case number | **18-23971** |
|---|---|---|---|

| Part 9: | **Nonstandard Plan Provisions** |
|---|---|

**9.1**    **Check "None" or List Nonstandard Plan Provisions**
☑    **None.** If "None" is checked, the rest of Part 9 need not be completed or reproduced.

| Part 10: | **Signatures:** |
|---|---|

**10.1**    **Signatures of Debtor(s) and Debtor(s)' Attorney**

If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise the debtor(s)' signatures are optional. The attorney for the debtor(s), if any, must sign below.

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s), order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

*By filing this document, debtor(s)' attorney or the debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as "nonstandard" terms and are approved by the court in a separate order.*

X    **/s/ Linda Donkers**
     **Linda Donkers**
     Signature of Debtor 1

     Executed on    **November 13, 2018**

X    **/s/ Paul W. McElrath, Jr.**
     **Paul W. McElrath, Jr.**
     Signature of debtor(s)' attorney

X    _____
     Signature of Debtor 2

     Executed on    _____

Date    **November 13, 2018**

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                          Case No. 18-23971-JAD
Linda Donkers                                                   Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

```
District/off: 0315-2        User: bsil              Page 1 of 2           Date Rcvd: Nov 19, 2018
                            Form ID: pdf900         Total Noticed: 37
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 21, 2018.
```
db             +Linda Donkers,   306 Telegraph Road,   Brownsville, PA 15417-9560
14928343      #+AFC First Finanacial,   1005 Brookside Rd.,   Allentown, PA 18106-9023
14928342       Advanced Disposal,   32870 US-6, Pittsfield,   Marble, PA 16334
14928344       +Alltran,   PO Box 610,   Sauk Rapids, MN 56379-0610
14928345       +Atlantic Broadband,   2200 Beale Avenue,   Altoona, PA 16601-1927
14928346       +Bank of America,   Po Box 17054,   Wilmington, DE 19850-7054
14928347       +Barclays Bank Delaware,   125 South West Street,   Wilmington, DE 19801-5014
14928348       +Beneficial,   P.O. Box 3425,   Buffalo, NY 14240-3425
14928371      ++CAPITAL ONE,   PO BOX 30285,   SALT LAKE CITY UT 84130-0285
               (address filed with court: TSYS Debt Management,   PO Box 5155,   Norcross, GA 30091)
14950746      ++COLUMBIA GAS,   290 W NATIONWIDE BLVD 5TH FL,   BANKRUPTCY DEPARTMENT,   COLUMBUS OH 43215-4157
               (address filed with court: Columbia Gas,   P.O. Box 117,   Columbus, OH 43216)
14928356       +CREDIT PROTECTION ASSOC,   13355 NOEL RDSTE 2100,   Dallas, TX 75240-6837
14928350       +Chase,   201 N Walnut Street Mailstop De1-1027,   Wilmington, DE 19801-2920
14928351       +Citizens Bank,   1 Citizens Dr,   Riverside, RI 02915-3000
14928354       +Convergent Outsourcing,   800 SW 39th Street,   Renton, WA 98057-4927
14928363        Mon valley Hospital, Inc.,   1163 Country Club Road,   Monongahela, PA 15063-1095
14928364       +PA American Water,   PO Box 371412,   Pittsburgh, PA 15250-7412
14928367       +PNC Bank,   PO Box 94982,   Cleveland, OH 44101-4982
14928368       +PNC Bank, N.A.,   3232 Newmark Drive,   Miamisburg, OH 45342-5421
14928366      #+Penn Credit,   916 S 14th St,   Harrisburg, PA 17104-3425
14950765       +SRA Asssociates,   401 Minnetonka Road,   Somerdale, NJ 08083-2914
14928373       +UFCW Local 23 Federal Credit Union,   345 Southpointe Boulevard--Suite 201,
                Canonsburg, PA 15317-8571
14928372       +Udren Law Offices,   Woodcrest Corporate Center,   111 Woodcrest Road, Suite 200,
                Cherry Hill, NJ 08003-3620
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14928349       +E-mail/Text: cms-bk@cms-collect.com Nov 20 2018 03:05:57      Capital Management Services,
                726 Exchange Street, Suite 700,   Buffalo, NY 14210-1464
14928353       +E-mail/Text: tuscolsup@fisglobal.com Nov 20 2018 03:07:02
                Complete Payment Recovery Services,   3500 5th Street,   Northport, AL 35476-4723
14928355       +E-mail/PDF: creditonebknotifications@resurgent.com Nov 20 2018 03:15:17      Credit One Bank,
                Po Box 98875,   Las Vegas, NV 89193-8875
14928357        E-mail/Text: mrdiscen@discover.com Nov 20 2018 03:05:46      Discover Card Services,
                P.O. Box 15157,   Wilmington, DE 19886
14928360       +E-mail/Text: cio.bncmail@irs.gov Nov 20 2018 03:05:53      Internal Revenue Service,
                1000 Liberty Avenue,   Room 727,   Pittsburgh, PA 15222-4107
14928361        E-mail/Text: JCAP_BNC_Notices@jcap.com Nov 20 2018 03:06:46      Jefferson Capital,
                PO BOX 7999,   Saint Cloud, MN 56302
14928362        E-mail/PDF: resurgentbknotifications@resurgent.com Nov 20 2018 03:15:18      LVNV Funding,
                Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
14942225        E-mail/PDF: resurgentbknotifications@resurgent.com Nov 20 2018 03:15:18
                LVNV Funding, LLC its successors and assigns as,   assignee of FNBM, LLC,
                Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
14928365        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 20 2018 03:06:15      PA Department of Revenue,
                Bankruptcy Division,   PO Box 280946,   Harrisburg, PA 17128-0496
14944458       +E-mail/Text: csc.bankruptcy@amwater.com Nov 20 2018 03:07:21      PENNSYLVANIA AMERICAN WATER,
                PO BOX 578,   ALTON, IL 62002-0578
14928369        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 20 2018 03:15:44
                Portfolio Recovery,   Po Box 41067,   Norfolk, VA 23541
14929086       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 20 2018 03:15:45
                PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
14928370       +E-mail/Text: csidl@sbcglobal.net Nov 20 2018 03:06:55      Premier Bankcard,   POB 2208,
                Vacaville, CA 95696-8208
14947870       +E-mail/Text: JCAP_BNC_Notices@jcap.com Nov 20 2018 03:06:46      Premier Bankcard, Llc,
                Jefferson Capital Systems LLC Assignee,   Po Box 7999,   Saint Cloud Mn 56302-7999
14928374        E-mail/Text: bankruptcy@firstenergycorp.com Nov 20 2018 03:06:36      West Penn Power,
                P.O. Box 3687,   Akron, OH 44309-3687
                                                                                              TOTAL: 15
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              PNC BANK NATIONAL ASSOCIATION
cr*            +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
14950737*      +AFC First Finanacial,   1005 Brookside Rd.,   Allentown, PA 18106-9023
14950736*       Advanced Disposal,   32870 US-6, Pittsfield,   Marble, PA 16334
14950738*      +Alltran,   PO Box 610,   Sauk Rapids, MN 56379-0610
14950739*      +Atlantic Broadband,   2200 Beale Avenue,   Altoona, PA 16601-1927
14950740*      +Bank of America,   Po Box 17054,   Wilmington, DE 19850-7054
14950741*      +Barclays Bank Delaware,   125 South West Street,   Wilmington, DE 19801-5014
14950742*      +Beneficial,   P.O. Box 3425,   Buffalo, NY 14240-3425
14950766*     ++CAPITAL ONE,   PO BOX 30285,   SALT LAKE CITY UT 84130-0285
               (address filed with court: TSYS Debt Management,   PO Box 5155,   Norcross, GA 30091)
```

```
District/off: 0315-2              User: bsil                    Page 2 of 2                    Date Rcvd: Nov 19, 2018
                                  Form ID: pdf900               Total Noticed: 37


              ***** BYPASSED RECIPIENTS (continued) *****
14928352*       ++COLUMBIA GAS,    290 W NATIONWIDE BLVD 5TH FL,    BANKRUPTCY DEPARTMENT,    COLUMBUS OH 43215-4157
                 (address filed with court: Columbia Gas of Pennsylvania,     P.O. Box 117,    Columbus, OH 43216)
14950750*       +CREDIT PROTECTION ASSOC,    13355 NOEL RDSTE 2100,    Dallas, TX 75240-6837
14950743*       +Capital Management Services,    726 Exchange Street, Suite 700,    Buffalo, NY 14210-1464
14950744*       +Chase,   201 N Walnut Street    Mailstop De1-1027,    Wilmington, DE 19801-2920
14950745*       +Citizens Bank,    1 Citizens Dr,    Riverside, RI 02915-3000
14950747*       +Complete Payment Recovery Services,     3500 5th Street,    Northport, AL 35476-4723
14950748*       +Convergent Outsourcing,    800 SW 39th Street,    Renton, WA 98057-4927
14950749*       +Credit One Bank,    Po Box 98875,    Las Vegas, NV 89193-8875
14950751*       ++DISCOVER FINANCIAL SERVICES LLC,    PO BOX 3025,    NEW ALBANY OH 43054-3025
                 (address filed with court: Discover Card Services,     P.O. Box 15157,    Wilmington, DE 19886)
14928358*       +Internal Revenue Service,    Insolvency Unit,    POB 7346,    Philadelphia, PA 19101-7346
14950752*       +Internal Revenue Service,    Insolvency Unit,    POB 7346,    Philadelphia, PA 19101-7346
14950754*       +Internal Revenue Service,    1000 Liberty Avenue,    Room 727,    Pittsburgh, PA 15222-4107
14928359*        Internal Revenue Service,    Insolvency Unit,    POB 628,    Pittsburgh, PA 15230
14950753*        Internal Revenue Service,    Insolvency Unit,    POB 628,    Pittsburgh, PA 15230
14950755*       ++JEFFERSON CAPITAL SYSTEMS LLC,    PO BOX 7999,    SAINT CLOUD MN 56302-7999
                 (address filed with court: Jefferson Capital,     PO BOX 7999,    Saint Cloud, MN 56302)
14950756*        LVNV Funding,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
14950757*        Mon valley Hospital, Inc.,    1163 Country Club Road,    Monongahela, PA 15063-1095
14950758*       +PA American Water,    PO Box 371412,    Pittsburgh, PA 15250-7412
14950759*        PA Department of Revenue,    Bankruptcy Division,    PO Box 280946,    Harrisburg, PA 17128-0496
14950761*       +PNC Bank,    PO Box 94982,    Cleveland, OH 44101-4982
14950762*       +PNC Bank, N.A.,    3232 Newmark Drive,    Miamisburg, OH 45342-5421
14950763*       ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
                 (address filed with court: Portfolio Recovery,     Po Box 41067,    Norfolk, VA 23541)
14950760*       +Penn Credit,    916 S 14th St,    Harrisburg, PA 17104-3425
14950764*       +Premier Bankcard,    POB 2208,    Vacaville, CA 95696-8208
14950768*       +UFCW Local 23 Federal Credit Union,    345 Southpointe Boulevard--Suite 201,
                 Canonsburg, PA 15317-8571
14950767*       +Udren Law Offices,    Woodcrest Corporate Center,    111 Woodcrest Road, Suite 200,
                 Cherry Hill, NJ 08003-3620
14950769*        West Penn Power,    P.O. Box 3687,    Akron, OH 44309-3687
                                                                                               TOTALS: 1, * 36, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 21, 2018                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 19, 2018 at the address(es) listed below:
          James Warmbrodt    on behalf of Creditor   PNC BANK NATIONAL   ASSOCIATION bkgroup@kmllawgroup.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Paul W. McElrath, Jr.    on behalf of Debtor Linda  Donkers ecf@mcelrathlaw.com,
           donotemail.ecfbackuponly@gmail.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                               TOTAL: 4
```